IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| LEE GRAVES, an Individual,<br><br>                   Plaintiff,<br>  v.<br><br>SCOTT MILLER, an Individual,<br><br>                   Defendant | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DEFAMATION AND**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

Plaintiff, LEE GRAVES files this Complaint against SCOTT MILLER, Defendant, and pleads and alleges as follows:

**PARTIES**

1. Plaintiff Lee Graves ("Plaintiff") is an individual resident and domiciliary of the State of Texas.

2. Defendant Scott Miller ("Defendant") is an individual resident and domiciliary of the State of Illinois residing at 15428 E. Kenabeck Trl. Cuba, IL 61427.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claims alleged herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

5. On information and belief, Defendant made false statements to an investment group about Plaintiff regarding past financial dealings between Plaintiff and James Richmond ("Richmond").

6. On information and belief, Defendant's statements to an investment group were that they should not invest in Plaintiff's company, FieldSight, LLC ("FieldSight"), a company founded by and principally owned by Plaintiff.

7. On information and belief, Defendant made similar, if not the same, statements to other third party investors that they should not invest in FieldSight.

8. FieldSight provides advanced micro grid and battery storage technology that optimizes energy usage, provides emergency resiliency and increases power reliability.

9. FieldSight is growing and looking for new investment partners.

10. Members of the investment group were looking to invest in FieldSight

11. Richmond owns a business that is competitive with FieldSight.

12. On information and belief, Defendant specifically made false statements to other third party investors that Plaintiff had stolen/embezzled over $250,000 from Richmond in a prior business venture that concluded back in 2017.

13. The false statements made by Defendant resulted in Plaintiff's business not receiving an investment from at least one member of the investment group.

14. Defendant made the false statements with at least negligence, if not actual malice, towards Plaintiff in that Defendant was aware that Plaintiff was meeting with persons interested in investing in FieldSight.

15. As a direct and proximate result of Defendant's false statements, Plaintiff has suffered damages including, but not limited to, damage to his reputation, emotional distress, and financial harm in that at least one potential business partner that was talking to Plaintiff about investing in FieldSight decided not to invest.

## COUNT I: DEFAMATION

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 as if fully set forth herein.
17. Defendant shared and made his statements concerning Plaintiff and FieldSight which were defamatory to others including an investment group.
18. Defendant made his false and defamatory statements knowing that they were false or with reckless disregard for their truth or falsity.
19. Defendant's false statements regarding Plaintiff were defamatory *per se*.
20. Defendant made these false statements with ill will and spite, and with wanton, reckless, or willful disregard for their injurious effects on Plaintiff and FieldSight.
21. Defendant's false and defamatory statements caused Plaintiff to suffer reputational, emotional, and professional harm.
22. Defendant's false statements as to theft/embezzlement constitute defamation under Illinois law.
23. As a result of Defendant's defamatory conduct, Plaintiff has suffered and continues to suffer damages as set forth above.

## COUNT II: TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC ADVANTAGE

24. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1 through 15 as if fully set forth herein.
25. Plaintiff had a reasonable expectation of entering into or continuing a valid business relationship with third parties regarding investment in FieldSight.
26. Defendant knew of Plaintiff's expectation of entering into or continuing said business relationships regarding investment in FieldSight.

27. Defendant intentionally and without justification interfered with Plaintiff's expectation of entering into or continuing said business relationships by accusing Plaintiff of theft/embezzlement.

28. Defendant's interference prevented Plaintiff's legitimate expectancy from ripening into valid business relationships.

29. Plaintiff has suffered damages as a direct and proximate result of Defendant's interference.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant, awarding Plaintiff:

- Compensatory damages;
- Punitive damages;
- Costs;
- Attorneys' fees;
- And such other and further relief as the Court deems just and proper.

*Plaintiff demands a trial by jury on all issues so triable.*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 7, 2024 | Graves Law Offices |
|  | */S/ Samuel B. Zabek* |
|  | By: _____ |
|  | Samuel B. Zabek |
|  | Attorney for Plaintiff, Lee Graves |

Samuel B. Zabek
Graves Law Offices
60 State Street, Suite 201
Peoria, Illinois 61602
szabek@glo-pc.com
Telephone: 309-673-8422
Facsimile: 309-673-8432
*Attorney for Plaintiff, Lee Graves*

4